**SHADE, et, Plaintiffs-Appellees, v. FERGUSON, Auditor, et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3715. Decided August 8, 1945.

Ralph J. Bartlett, Prosecuting Atty., Columbus, Robert P. Barnhart and Edmund B. Paxton, Asst. Prosecuting Attys., Columbus, for plaintiffs-appellees.

Hugh S. Jenkins, Atty. Genl., Columbus, and Daronne R. Tate, Asst. Atty. Genl., Columbus, for defendants-appellants.

## OPINION

BY THE COURT:

Submitted on demurrer of appellants to the petition and on motion to dismiss the appeal for want of jurisdiction.

The question here presented was decided on demurrer by the trial judge and we believe correctly.

It is the claim of appellants that this suit may not be maintained because it is against the State of Ohio; that the appellees are not entitled to the relief sought because they have admitted they owe the State of Ohio a substantial sum of money and that the statute specifically provides that the Auditor shall not make distribution of the local government fund to any county which is indebted or otherwise obligated to the State until such indebtedness or obligation has been duly satisfied. We cannot agree that the State's premise as to the admission is sound upon the averment of the petition.

The various questions are learnedly briefed. It is the claim of Franklin County that under an applicable section, §5546-20a GC, the Auditor of State is required to pay to Franklin County a share of the local government fund but that, upon an unfounded claim asserted by the Auditor, against the county, he is insisting that he has a right under said statute to withhold the distribution of Franklin County's share of the fund and upon that basis has submitted to Franklin County a statement of its indebtedness to the State, which is in error in several particulars and as to many items.

If the claim of the appellees is supported by the facts under the law then, clearly, it becomes the obligation of the Auditor of State, in his official capacity, to transfer the funds in the amount found to be due to Franklin County. On the other hand, if the claim of the Auditor as to the correct interpretation of the rights of the State is true, the plaintiffs may not maintain their action.

"If the auditor of state * * makes an error the courts are open for a proper correction."

Judge Myers in opinion, **State, ex rel. v Ferguson, 133 Oh St 333.**

The suit basically seeks to compel the Auditor to perform a duty claimed to be required of him by statute. Such suits are not considered as actions against the State. Graham v Folson, 200 U. S. 248; 26 S. Ct., 245; Ley v Kirtley, 5 O. N. P. N. S. 529.

"Where the act that a state officer threatens to do is in violation of the statute, or in excess of his powers, equitable relief may be had. Such a suit is not an action against the state, but an action against the individual."

**37 O. Jur., 269.** Citing **Columbia Life Ins. Co. v Hess, 28 Oh Ap 107;** affirmed **116 Oh St 416;** Merrill v Currier, 2 O. N. P. 52.

The averments of the petition in their entirety, in our judgment, bring the suit within equitable cognizance and the form of action adopted is proper. The motion and demurrer will be overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.